## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Christina Marie Hague,

                    Plaintiff,        Case No. 20-13084

v.                          Judith E. Levy
                                United States District Judge

Commissioner of Social Security,

                           Mag. Judge Curtis Ivy, Jr.

                    Defendant.

_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [16], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]

On February 1, 2022, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") (ECF No. 16) recommending that the Court deny Plaintiff Christina Marie Hague's motion for summary judgment (ECF No. 12), grant Defendant Commissioner of Social Security's motion for summary judgment (ECF No. 14), and affirm Defendant's decision to deny Plaintiff benefits under the Social Security Act from May 27, 2011 until February 18, 2020. (*See* ECF No. 10, PageID.51–52, 54, 68.)

On February 9, 2022, Plaintiff filed three timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (ECF No. 17.)

Plaintiff's first objection relates to the Magistrate Judge's determination that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that the opinion of Hugh Bray, Ph.D., a psychiatric consultative examiner, was "unpersuasive." (*See id.* at PageID.826–828.) Plaintiff argues that the Magistrate Judge should not have affirmed the ALJ's conclusion that Dr. Bray's opinion is unpersuasive because Plaintiff contends that the ALJ failed articulate the reasons for reaching that conclusion. (*See id.* at PageID.826–828.)

Plaintiff's second and third objections challenge the Magistrate Judge's determination that substantial evidence supports the ALJ's finding that the opinions of Rohit Verma, M.D., Plaintiff's primary care provider, were "unpersuasive." Plaintiff's second objection is that the Magistrate Judge "misreads 20 C.F.R. §§ 404.1520c and 416.920c" in his finding that substantial evidence supports the ALJ's determination. (*See id.* at PageID.828.) Specifically, Plaintiff argues that the ALJ violated these regulations by failing to articulate the "supportability" and

"consistency" of Dr. Verma's opinions regarding Plaintiff's mental limitations that appear in a Physical Residual Functional Capacity evaluation that Dr. Verma signed. (*See id.* at PageID.828–830.) And, accordingly, Plaintiff argues that the Magistrate Judge should have decided this issue differently.

Plaintiff's third objection also relates to the underlying opinions of Dr. Verma. It is Plaintiff's position that the Magistrate Judge should have recognized that, although the ALJ "adequately summarize[s] the record" in her discussion of Dr. Verma's opinion, her summary violates the articulation requirement because it does not provide a "rationale sufficient to explain her findings [about Dr. Verma's opinions.]" (*Id.* at PageID.832.)

Defendant responded to each of Plaintiff's objections. (ECF No. 18.)

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

# I.   Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 16, PageID.804–812.)

# II.   Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original) (quoting E.D. Mich. LR 72.1(d)(1)). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of

4

the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

In *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019), the Supreme Court articulated the standard the district court must apply when conducting its *de novo* review. The Supreme Court indicated that the phrase "substantial evidence" is a "term of art." *Id.* at 1154 (internal citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in original) (internal citation omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary

5

sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id*. (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (internal citations omitted).

On review, the district court is to "accord the ALJ's determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (internal citation omitted). "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## III. Analysis

Plaintiff's objections to the Magistrate Judge's R&R relate to the ALJ's alleged failure to properly articulate how she evaluated the persuasiveness of various medical source opinions. For the reasons set forth below, the Court agrees with the Magistrate Judge's findings that the ALJ appropriately articulated her evaluation of the persuasiveness

of the challenged opinions and that her decision was supported by substantial evidence.

## A.   The Articulation Requirement in 20 C.F.R. §§ 404.1520c and 416.920c

Plaintiff filed the disability application at issue in this case on December 10, 2018. (*See, e.g.*, ECF No. 10, PageID.51.) For claims filed on or after March 27, 2017, 20 C.F.R. §§ 404.1520c and 416.920c[1] apply to the ALJ's decision. Although these new regulations do not afford deference to the treating physician, they provide a "procedural guarantee that an ALJ will explain - will 'articulate' - how persuasive that officer found *each* medical source." *Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170, at *3–4 (E.D. Mich. Aug. 13, 2021) (emphasis in original) (publication forthcoming) (quoting 20 C.F.R. §§ 404.1520c(b), 416.920c(b)).

Under 20 C.F.R. §§ 404.1520c(c) and 416.920c(c), five factors guide the ALJ's analysis of the persuasiveness of a medical source's opinion: supportability, consistency, the source's relationship with the claimant,

---

[1] These regulations took effect on March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c. They indicate that "[f]or claims filed before March 27, 2017, the rules in §[§] 404.1527 [and 416.927] apply." *Id.*

the source's specialization, and "other factors that tend to support or contradict a medical opinion." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ may discuss any of these factors in her decision, but the regulations mandate that that she "will explain" the factors of supportability and consistency of a medical source's opinion. *Id.* "Supportability" means that the more relevant the objective medical evidence and supporting explanations presented by a medical source are to her medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "In other words, the supportability analysis 'focuses on the physicians' explanations of the opinions.'" *Vaughn v. Comm'r of Soc. Sec.*, No. 20-CV-1119-TMP, 2021 WL 3056108, at *10 (W.D. Tenn. July 20, 2021) (quoting *Lavinia R. v. Saul*, No. SAG-20-1083, 2021 WL 2661509, at *3 (D. Md. June 29, 2021)). "Consistency" means that the more consistent a medical opinion is with the evidence from other medical and nonmedical sources in the record, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

At a minimum, the new regulations require that "the ALJ provide a coherent explanation of [her] reasoning" so that a reviewing court can

8

"determine whether [claimant's] disability determination was supported by substantial evidence." *Hardy*, 2021 WL 3702170, at *4 (alterations in original) (internal quotations and citations omitted). But, with respect to the articulation required at the source level, the regulations provide:

> Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record. Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.

20 C.F.R §§ 404.1520c(b)(1), 416.920c(b)(1).

**B.   Objection 1**

In her first objection, Plaintiff challenges the Magistrate Judge's finding that substantial evidence supports the ALJ's conclusion that Dr. Bray's opinion was unpersuasive. (*See* ECF No. 17, PageID.826–828.)

Dr. Bray is a psychologist who evaluated Plaintiff and opined that

9

the claimant's mental ability to relate to others including fellow co-workers and supervisors was markedly impaired, her ability to understand, remember, and carry out tasks was mildly impaired, she was moderately impaired in performing multiple step tasks, she was moderately impaired in her ability to maintain attention, concentration, persistence and pace, and her mental ability to withstand pressure associated with day to day part time/fulltime work activities was markedly impaired.

(ECF No. 10, PageID.62 (citing "Adult Mental Status Evaluation").)

With respect to Dr. Bray's opinion, the ALJ found it

unpersuasive as the assessment was made after a single examination of the claimant. The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Additional treatment records demonstrate that, although the claimant continues to have ongoing mental health limitations, they are not as extreme as noted herein. (Exhibits 2F, 5F and 14F)

(*Id.* at PageID.62–63.)

In her motion for summary judgment, Plaintiff argued that the ALJ's assessment that Dr. Bray's opinion was unpersuasive was flawed because it was grounded in "reasons not supported by the record, and [did not] adequately invok[e] the factors set forth in § 416.920c and § 404.1520c for evaluating opinion evidence." (ECF No. 12, PageID.767.) Further, Plaintiff argued that the ALJ applied the factor of the

evaluator's relationship with Plaintiff unevenly between medical sources, and that Dr. Bray supported his opinions with objective evidence. (*See Id.* at PageID.767–770.) The Magistrate Judge directly addressed Plaintiff's arguments in detail and rejected them, finding that the ALJ sufficiently articulated her reasoning, and that her assessment of Dr. Bray's opinion was supported by substantial evidence. (*See* ECF No. 16, PageID.819–822.)

In her objection, Plaintiff argues that the Magistrate Judge's R&R "misses the point" of her argument that the ALJ violated the articulation requirement. (*Id.* at PageID.827.) Plaintiff again challenges the ALJ's analysis as

> unexplained, and clearly contradicted by Dr. Bray's *objective* findings during his evaluation including observations that Hague "struggled" with her concentration, attention, persistence, and effort during the testing; could not form a rapport with the examiner; had a depressed mood; and that her emotional reaction was negative, sad, suspicious, anxious, tearing, and crying

(ECF No. 17, PageID.828 (emphasis in original) (citing ECF No. 10, PageID. 489–490).) This is essentially a re-hash of the same arguments made to the Magistrate Judge, which is not a proper objection. *See Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008).

11

Even if the objection were properly set forth, it is still flawed. Plaintiff does not dispute the Magistrate Judge's contention that an ALJ may "discount an opinion that relied on subjective complaints which were not supported by objective findings." (*Id.*) She indicates that her objection "is not that the ALJ generally could not have discounted Dr. Bray's opinion for this reason." (*Id.* at PageID.827–828.) Rather, Plaintiff takes issue with the ALJ's failure to explain "how she arrived at her conclusions that Dr. Bray somehow impermissibly over-relied upon [Plaintiff's] subjective complaints." (*Id.* at PageID.828.) Plaintiff argues that the ALJ's failure to provide this explanation violates "the requirements for evaluating opinion evidence under 20 C.F.R. §[§]404.1520c and 404.920c." (*Id.*) However, Plaintiff fails to cite any cases demonstrating that the ALJ's explanation violated the articulation requirement.

Defendant counters that substantial evidence supports the ALJ's evaluation of Dr. Bray's opinion, noting that the "the ALJ contrasted Dr. Bray's opinion with the generally benign longitudinal mental health treatment record" (ECF No. 18, PageID.837) and Dr. Bray's own examination observations that supported the ALJ's decision. (*See id.* (citing ECF No. 10, PageID.489–489, 491).) Defendant argues that

12

Plaintiff's objection is an improper request for the Court to reweigh the evidence. (*See id.* at PageID.838.) The Court agrees with Defendant.

As set forth in the previous section, 20 C.F.R. §§ 404.1520c and 404.920c *only* require that the ALJ describe her evaluation of the supportability and consistency of a medical source's opinion. Here, the Magistrate Judge reviewed the ALJ's analysis of the supportability (ECF No. 16, PageID.820) and the consistency (*id.* at PageID.821) of Dr. Bray's opinion and correctly found that the ALJ's determination that Dr. Bray's opinion was unpersuasive was supported by substantial evidence.

It is true that although the ALJ in this case did not name the factors of "supportability" and "consistency" in her analysis of Dr. Bray's opinions, her explanation aligns with these factors. The ALJ's observation that "[t]he doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported" is a criticism of Dr. Bray's explanation of his reasoning, or "supportability." (ECF No. 10, PageID.63.) Because this criticism references Dr. Bray's explanation in his evaluation, it is also specific enough for a court to review its logic. Similarly, the ALJ

evaluated the "consistency" of Dr. Bray's opinions in her determination that "[a]dditional treatment records demonstrate that, although the claimant continues to have ongoing mental health limitations, they are not as extreme as noted herein." (*Id.*) The ALJ's citation to the specific documents in the record that constitute the "additional treatment records"—mental health records containing grossly normal mental status exams—was also specific enough for the Magistrate Judge to assess the reasoning behind the ALJ's assertion. (*Id.* (citing *id.* at PageID.388–485; 503–549; 686–726).)

Plaintiff's argument that the ALJ failed to reconcile "objective evidence"[2] in the record supporting Dr. Bray's opinions fails because the

---

[2] In 20 C.F.R. §§ 404.1520c and 416.920c, "[o]bjective medical evidence means signs, laboratory findings, or both." 20 C.F.R. §§ 416.902(k), 404.1502. Specifically, "signs" means:

> one or more anatomical, physiological, or psychological abnormalities that can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception and must also be shown by observable facts that can be medically described and evaluated.

20 C.F.R. §§ 416.902(l), 404.1502(g). In this objection, Plaintiff frames Dr. Bray's observations that Plaintiff "struggled" with her concentration, attention, persistence,

evidence she references is not in conflict the ALJ's findings. Plaintiff argues that Dr. Bray's observations that Plaintiff "'struggled' with her concentration, attention, persistence, and effort during the testing; could not form a rapport with the examiner; had a depressed mood; and that her emotional reaction was negative, sad, suspicious, anxious, tearing, and crying contradict the ALJ's finding, and in turn, the Magistrate Judge's decision, that his opinion was unpersuasive. (*See* ECF No. 17, PageID.828 (citing ECF No. 10, PageID.489–490).) However, these observations are consistent with the opinions of Dr. Jerry Csokasy, Ph.D., the state agency psychiatric consultant. Dr. Csokasy opined that Plaintiff "has a mild restriction in understanding, remembering, or applying information, a mild restriction in interacting with others, moderate difficulties in maintaining concentration, persistence or pace, and mild difficulties adapting or managing oneself" and that she "is capable of

---

and effort during the testing; that she could not form a rapport with the examiner; that she had a depressed mood; and that her emotional reaction was negative, sad, suspicious, anxious, tearing, and crying, as "objective medical evidence" that contradicted the ALJ's decision. (ECF No. 17, PageID.828.) However, applying the definition in the regulations to the observations in this list, only the observations that Plaintiff was "tearing and crying" are "medically demonstrable phenomena" that may be considered "objective medical evidence."

15

performing simple/routine tasks on a sustained basis in a low stress environment, would have difficulties in maintaining concentration, persistence or pace, and mild difficulties adapting or managing oneself" and that she "is capable of performing simple/routine tasks on a sustained basis in a low stress environment, would have difficulty completing complex tasks on a sustained basis, and would have difficulty with frequent changes." (ECF No. 10, PageID.56, 66 (citing *id.* at PageID.117–120).) And the ALJ found Dr. Csokasy's opinions more persuasive than Dr. Bray's. Therefore, Plaintiff fails to point to evidence that the ALJ, and in turn, the Magistrate Judge, neglected to reconcile.

But even if the Court were to accept Plaintiffs' argument that Dr. Bray's opinion is more persuasive than the ALJ assessed it to be, that is not the applicable legal standard.[3] Rather, the Court evaluates whether the Magistrate Judge correctly applied the substantial evidence standard to the ALJ's decision. Under the substantial evidence standard, the reviewing court cannot re-weigh the evidence. It is well settled that

---

[3] The ALJ did not rubber stamp Dr. Csokasy's opinion even though she found it to be persuasive. Instead, the ALJ found that Plaintiff was more limited in her ability to interact with others than Dr. Csokasy suggested. (*See* ECF No.10, PageID.56.)

16

"[e]ven if substantial evidence would also support the opposite conclusion, the Court may not reweigh the evidence and substitute its own judgment for that of the ALJ." *Sterner v. Comm'r of Soc. Sec.*, No. 20-12099, 2022 WL 684567, at *3 (E.D. Mich. Feb. 16, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 678647 (E.D. Mich. Mar. 7, 2022); *accord Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)).

Moreover, as the Magistrate Judge explained in the R&R, in assessing Dr. Bray's conclusion, the ALJ specifically cited Plaintiff's treatment records from 2017–2019 that supported her finding that Plaintiff had greater functioning than Dr. Bray believed she had. (*See* ECF No. 16, PageID.821 (citing treatment records containing "consistently unremarkable mental status examinations with some signs of depression, sadness, and suicidal thoughts" and Global Assessment of Functioning scores around 50).) As previously noted, the ALJ found Dr. Csokasy's opinion that Plaintiff struggled with tasks requiring multi-step directions and was sensitive to stress but could still complete simple tasks in a low-stress environment more persuasive than Dr. Bray's

17

opinion this issue. (ECF No. 10, PageID.56,65–66.) In finding that Plaintiff had only a moderate limitation in interacting with others, the ALJ referenced several medical examinations in which the provider referenced her cooperative demeanor and good-to-fair eye contact, which the ALJ also observed at the hearing. (*See* ECF No. 10, PageID.55.) This evidence supports the ALJ's conclusion that Dr. Bray's opinions that Plaintiff was "markedly impaired" in her ability to relate to others and in her mental ability to withstand pressure associated with day-to-day part-time or full-time work activities was more "extreme" than evidence in the record suggested.

The Magistrate Judge properly reviewed the ALJ's articulation of the consistency and supportability of Dr. Bray's opinion in affirming the ALJ's determination that it was unpersuasive. Although the ALJ's analysis of the persuasiveness of Dr. Bray's opinion was limited, it was sufficient for the Magistrate Judge to assess whether she articulated the supportability and consistency of the opinion. The Magistrate Judge also correctly found that substantial evidence in the record supported the ALJ's determination that Dr. Bray's opinion was not persuasive because

a "reasonable mind" could accept this conclusion. *See Biestek*, 139 S. Ct. at 1154. Accordingly, this objection is denied.

## C.    Objection 2

Plaintiff's second objection—which is difficult to understand—appears to be that the Magistrate Judge misinterpreted 20 C.F.R §§ 404.1520c and 416.920c[4] in finding that substantial evidence supports the ALJ's conclusion that the "mental portions" Dr. Verma's opinions were unpersuasive. (ECF No. 17, PageID.828–830.) The Court interprets this objection to be that the Magistrate Judge erred when he found that substantial evidence supported the ALJ's decision not to discuss each of Dr. Verma's checked boxes on a form. The objection is denied for the reasons that follow.

Dr. Verma's opinions at issue in this objection are contained in a form titled "Physical Residual Functional Capacity Questionnaire." (*See* ECF No. 17, PageID.828–829 (quoting ECF No. 10, PageID.554).) The

---

[4] In this objection, Plaintiff discusses the Magistrate Judge's purported misreading of 20 C.F.R §§ 404.1520c and 416.920c, and she argues that the Magistrate Judge misinterprets a "statute." (*See* ECF No. 17, PageID.828–829.) However, Plaintiff does not reference a specific statute and only analyzes the language of the regulations she cites. Therefore, the Court presumes that Plaintiff intended to refer to a "regulation" wherever the word "statute" appears in her second objection.

opinions appear to come from two questions—identified as questions thirteen and fourteen—in the form. Question thirteen asks: "How often during a typical workday is your patient's experience of pain or other symptoms severe enough to interfere with attention and concentration needed to p[er]form even simple work tasks?" (ECF No. 10, PageID.554.) Beneath that question, a box is checked (with a handwritten checkmark) next to the word "Constantly." (*Id.*) Question fourteen asks: "To what degree can your patient tolerate work stress?" (*Id.*) Beneath that question, a box is checked (with a handwritten checkmark) next to the following answer: "Incapable of even 'low stress' jobs." (*Id.*) Dr. Verma's answers to questions thirteen and fourteen do not cite clinical test results, observations, or other objective findings, rather, they are merely checkboxes on a form.

Plaintiff argues that the regulations require the ALJ to apply the supportability and consistency factors to each of Dr. Verma's check-box opinions evaluating Plaintiff's functioning. (*See* ECF No. 17, PageID.830.) However, the Court agrees with the Magistrate Judge's statement in the R&R that "[a]ccording to prevailing jurisprudence, an

20

ALJ need not explain her evaluation of each portion of a medical source's opinion." (ECF No. 16, PageID.816.)

20 C.F.R §§ 404.1520c and 416.920c do not necessarily require the ALJ to assess the supportability and consistency of every individual multiple-choice opinion on a medical source's form. Although the Sixth Circuit has not yet opined on the limitations of the articulation requirement in 20 C.F.R §§ 404.1520c and 416.920c, courts within this District have interpreted these regulations as not requiring the ALJ to articulate the supportability and consistency to every impression within a medical source's opinion. *See Lapka v. Comm'r of Soc. Sec.*, No. 20-10035, 2021 WL 942752, at *15 (E.D. Mich. Jan. 4, 2021) (no violation of the articulation requirement where the ALJ did not separately explain the rejection of a medical source's opinions on the claimant's lifting, sitting, and walking), *report and recommendation adopted*, 2021 WL 733234 (E.D. Mich. Feb. 25, 2021). Moreover, it is permissible for an ALJ to discount an opinion memorialized in a checkbox form. *See Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 353 (6th Cir. 2020) (affirming ALJ's decision to afford little weight to physician's check-off form that "did not cite clinical test results, observations, or other objective

findings."). Indeed, the new regulations themselves state that "it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record." 20 C.F.R §§ 404.1520c, 416.920c. And under other social security regulations, the Sixth Circuit did not require the ALJ "to explain every piece of evidence in the record and address each check mark from the Physician's Reports." *Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 445 (6th Cir. 2018). Here, the regulations did not require the ALJ to assess the supportability and consistency of a physician's multiple-choice assessment of Plaintiff's mental health—which lacked citation to supporting evidence—on a questionnaire focused on Plaintiff's physical functioning.

Accordingly, Plaintiff's arguments that the Magistrate Judge incorrectly interpreted the regulations in this regard,[5] and improperly overlooked the ALJ's failure to explain how she evaluated Dr. Verma's opinion regarding "the mental portions of Dr. Verma's medical opinion"

---

[5] The Court notes that Plaintiff argues that verbatim quotations from regulations 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1) "misinterpret[]" these regulations. (*See* ECF No. 17, PageID.829.)

22

(*id.* at PageID.828) are rejected.[6] Plaintiff cites no case law or legal authority in support of her argument that the ALJ is required to articulate her assessment of every checkbox withing a form than was given here.

## D.   Objection 3

Plaintiff's third objection is that the Magistrate Judge erred in finding that substantial evidence supports the ALJ's assessment of Dr. Verma's opinion. (ECF No. 17, PageID.830–832.) Once again, this is an improper re-hash of the arguments that the Magistrate Judge squarely considered and rejected. (ECF No. 16, PageID.814–819.) *See Coleman-Bey*, 287 F. App'x at 422 ("A district court does not abuse its discretion when it denies post-judgment relief to a party raising the same issues

---

[6] In any event, the Magistrate Judge found that the ALJ articulated her analysis of the supportability and consistency of the opinions that Plaintiff claims she disregarded—attention and concentration and ability to tolerate stress at work—in her analysis of Dr. Bray's opinions and Dr. Csokasy's opinions. The ALJ may satisfy the requirement to articulate her evaluation of a medical source's opinion by indirectly assessing the supportability and consistency of that opinion. *See Williams v. Comm'r of Soc. Sec.*, No. 1:20-CV-11567, 2021 WL 3524115, at *6 (E.D. Mich. June 23, 2021), *report and recommendation adopted sub nom. Williams v. Kijakazi*, 2021 WL 3205001 (E.D. Mich. July 29, 2021) (fulfilling articulation requirement by finding a different medical source's opinion on the same issue more persuasive). Therefore, the ALJ's analysis in this case complied with Plaintiff's understanding of the articulation requirement, regardless of the Magistrate Judge's interpretation of the regulations.

and arguments post-judgment as those [previously] rejected . . ."); *Owusu v. Michigan Dep't of Corr. Pain Mgmt. Comm.*, No. 16-12490, 2019 WL 4627585, at \*6 (E.D. Mich. Sep. 24, 2019) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation") (internal citations omitted).

Even so, Plaintiff's arguments in this objection fail. Plaintiff notes that the Magistrate Judge considered "other portions of the ALJ's decision—and not just the paragraph where the ALJ specifically assessed the opinion for Dr. Verma—to glean additional support for the ALJ's conclusions regarding Dr. Verma's medical assessment." (*Id.* at PageID.830.) Plaintiff argues that although the ALJ "adequately summarized the record[,]" she provided insufficient rationale for her findings regarding Dr. Verma's opinions. (*Id.* at PageID.832 (citing *Hardy*, 2021 WL 3702170, at \*5).) In other words, Plaintiff believes that the ALJ failed to properly articulate her analysis of Dr. Verma's opinions and to explain why she found Dr. Verma's opinions unpersuasive.

Defendant counters that the Magistrate Judge appropriately reviewed the ALJ's analysis of Dr. Verma's opinions. Further, Defendant

24

counters that "plaintiff errs to whatever extent she argues that the Court must confine its analysis to a single paragraph of the ALJ's decision" because the decision should be read as a whole. (ECF No. 18, PageID.842.)

In this case, the ALJ discussed her evaluation of Dr. Verma's opinions on the Physical Residual Functioning Capacity Questionnaire as follows:

> The undersigned finds the opinions of Dr. Verma [in the Residual Functioning Capacity Questionnaire (ECF No. 10, PageID.552–556)] to be unpersuasive as the suggested limitations are inconsistent with the evidence of record as well as with the claimant's reported activities of daily living. As noted in the physical examination findings of Dr. Verma and in additional treatment records, the claimant's physical abilities are not as restricted in that she was routinely noted to have 5/5 strength in all her extremities, she walked with a normal gait, she displayed full range of motion in her cervical spine, and she walked unassisted. (Exhibits 4E, 2F/4-8, 3F, 4F, 14F/7-9, and hearing testimony) Moreover, as discussed herein, the claimant received only conservative treatment for her impairments including medication management and physical therapy. There have been no recommendations for surgery or more invasive treatment methods. Moreover, the claimant testified at the hearing that she had not required any follow up with a neurologist, has not participated in physical therapy, has not undergone surgical interventions, and had not realized any visual disturbances as it relates to her IH/migraines and back pain. In addition, she testified that

her anxiety attacks/symptoms resolve within one hour of taking her prescribed medications.

(ECF No. 10, PageID.64–65.)

As to whether an ALJ articulated her explanation of a medical source's opinions, the relevant inquiry is whether "the ALJ described the evidence and articulated the bases of her decision in sufficient detail to allow the Court to discharge its limited review function of determining whether the decision is "supported by substantial evidence." *Bundy v. Comm'r of Soc. Sec.*, No. 20-10254, 2021 WL 1220867, at *4 (E.D. Mich. Mar. 31, 2021) (citing 42 U.S.C. § 405(g)). As set forth in the discussion of Plaintiff's second objection, the ALJ complied with the regulations in her evaluation of Dr. Verma's opinions in the "Physical Residual Functional Capacity Questionnaire." That is all that the law requires.

To the extent Plaintiff challenges the Magistrate Judge's application of the substantial evidence standard in his finding that the ALJ's evaluation of Dr. Verma's opinions was supported by substantial evidence, the argument is meritless. Regarding consistency, the ALJ stated that Dr. Verma's opinions were inconsistent with Plaintiff's self-reported activities of daily living and other evidence in the record. Further, the ALJ referenced objective medical evidence in the record

26

demonstrating that Plaintiff had greater strength and mobility than Dr. Verma opined. *See id.* (referencing treatment records showing that Plaintiff "was routinely noted to have 5/5 strength in all her extremities, she walked with a normal gait, she displayed full range of motion in her cervical spine, and she walked unassisted."); *see Sykes v. Comm'r of Soc. Sec.*, No. 20-10764, 2021 WL 3627153, at *4 (E.D. Mich. July 19, 2021) (satisfying articulation requirement, in part, by pointing to objective medical evidence that undermined the medical sources opinion), *report and recommendation adopted sub nom. Sykes v. Saul*, 2021 WL 3621355 (E.D. Mich. Aug. 16, 2021).

The ALJ also cited Plaintiff's conservative course of treatment in support of her finding. *See, e.g., Koch v. Comm'r of Soc. Sec. Admin.*, No. 5:19-CV-13631, 2021 WL 1565422, at *6 (E.D. Mich. Feb. 11, 2021) (collecting cases recognizing that an ALJ may consider a conservative treatment regimen in discounting a medical source's opinion), *report and recommendation adopted sub nom. Koch v. Comm'r of Soc. Sec.*, 2021 WL 1186502 (E.D. Mich. Mar. 30, 2021). Although the ALJ did not reiterate which activities of daily living were inconsistent with Dr. Verma's opinion in the quoted paragraph, she discussed the discrepancy between

Plaintiff's activities of daily living and other medical records in her analysis of Plaintiff's capacity to manage her daily life. (ECF No. 10, PageID.56); *accord Sterner*, 2022 WL 684567, at *3. Here, the ALJ provided enough detail and explanation of her reasoning for the Court to review her finding that Dr. Verma's opinions were unpersuasive.

The Magistrate Judge did not err in considering more than one paragraph in the ALJ's decision to evaluate her assessment of Dr. Verma's opinions because the "Court reviews the record as a whole to determine whether the ALJ's decision is supported by substantial evidence." *Lapka*, 2021 WL 942752, at *16 (quoting *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 527 (6th Cir. 2014)), *report and recommendation adopted*, 2021 WL 733234 (E.D. Mich. Feb. 25, 2021). Therefore, the ALJ's articulation of the persuasiveness of a medical source opinion is not to be read "in isolation of the rest of the decision." *Id.* In reviewing an ALJ's decision, "the court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ." *Reid v. Comm'r of Soc. Sec.*, 474 F. Supp. 3d 911, 919 (E.D. Mich. 2020) (citing *Walker v. Sec'y of Health & Hum. Servs.*, 884 F.2d 241, 245 (6th Cir.

28

1989)); *accord Hardy*, 2021 WL 3702170, at *7 (quoting *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992)). The Court may also consider any paragraph of the ALJ's decision, regardless of whether it is in the section addressing medical source opinions, because "it would be a needless formality to have the ALJ repeat substantially similar factual analysis in different parts of the decision." *Sterner*, 2022 WL 684567, at *3 (citing *Parker v. Comm'r of Soc. Sec.*, No. 2:20-CV-10961, 2021 WL 4205060, at *8 (E.D. Mich. July 6, 2021), *report and recommendation adopted*, 2021 WL 3508557 (E.D. Mich. Aug. 10, 2021).

Accordingly, Plaintiff's third objection fails because Plaintiff neither shows a defect in the ALJ's or the Magistrate Judge's analysis nor demonstrates that the ALJ violated the articulation requirement in her assessment of Dr. Verma's opinion.

## IV.   Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 16.) Plaintiff's motion for summary judgment is DENIED (ECF No. 12), and Defendant's motion for summary judgment is GRANTED. (ECF No. 14.)

IT IS SO ORDERED.

Dated: March 30, 2022                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2022.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager